UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-22289-CIV-HUCK

ELISA SPERLING and
KAREN SPERLING,

    Plaintiffs,

v.

BANNER LIFE INSURANCE
CO., et al.,

    Defendants.
_____/

## ORDER GRANTING REMAND

THIS CAUSE is before the Court on Plaintiffs' Motion for Remand (D.E. # 8). For the reasons stated below Plaintiffs' Motion is GRANTED.

## BACKGROUND

Plaintiffs Elisa and Karen Sperling sued Defendant Banner Life Insurance Company in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida for damages arising from Banner Life's denial of life insurance coverage for Terry Sperling's death. In their Amended Complaint, the Sperlings allege that Terry Sperling's non-suicide death is covered under his life insurance policy with Banner Life. In the same action, the Sperlings also sued Diversified Underwriters Services, Inc., and its agent, Howard Schachter, for professional negligence. The Sperlings allege that Schachter negligently convinced Terry Sperling to switch to the Banner Life insurance policy, which does not provide coverage in the event of a suicide within two years of the policy's issue date. The Sperlings have dismissed their claim against Diversified Underwriters based on Schachter's status as an independent contractor.

Banner Life filed a Notice of Removal with this Court on July 12, 2010 (D.E. # 1). Banner Life asserts that this Court has diversity jurisdiction over the action because the Sperlings are citizens of Florida and Defendant Banner Life a citizen of Maryland. Banner Life argues that the Court should ignore Schachter's Florida citizenship when determining its jurisdiction

1

because he was fraudulently joined in the instant action. The Sperlings, in turn, moved to remand to state court, arguing that they have asserted the possibility of a cause of action against Schachter. Hence, Plaintiffs contend, Schachter was not fraudulently joined and this Court lacks subject matter jurisdiction over the action. The parties stipulated that the amount in controversy exceeds $75,000 as required for diversity jurisdiction under 28 U.S.C. § 1332(a).

## DISCUSSION

The issue before the Court is whether Banner Life properly removed this case based on a theory of fraudulent joinder. A removing party alleging fraudulent joinder "has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). The Eleventh Circuit imposes a "heavy burden" on the party claiming fraudulent joinder. *Crowe*, 113 F.3d at 1538. In a removal premised on fraudulent joinder, a district court must resolve any doubts about state substantive law in favor of plaintiff and remand "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against . . . [a] resident defendant[]." *Id.* (internal citation omitted); *see also Florence v. Crescent Resources, LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007) ("We hold that, if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary.") Here, Banner Life does not assert that the Sperlings pled fraudulent jurisdictional facts. It claims, rather, that no possibility exists that the Complaint states a cause of action against Schachter.

The Florida Supreme Court's opinion in *Blumberg v. USAA Casualty Insurance Co.*, 790 So.2d 1061 (Fla. 2001) addresses the validity of the Sperlings claim against Schachter for professional negligence. In *Blumberg*, an insured sued his insurance company alleging coverage and later sued the insurance agent for negligently failing to procure valid insurance. *Blumberg*, 790 So.2d at 1063. The court held that an action against an insurance agent for negligence/malpractice accrues "when the client incurs damages at the conclusion of the related or underlying judicial proceedings" against the insurance company—that is, when the insurance company prevails in the underlying action and no insurance coverage is found to exist. *Id.* at 1065. However, the *Blumberg* court noted that if the negligence action is brought during the

pendency of the underlying coverage action "the defense can move for an abatement or stay of the [negligence/malpractice] claim" because "the proper remedy for premature litigation is an abatement or stay of the claim for the period necessary for its maturation under the law." *Id.* at 1065, 1065 n.2 (internal citation omitted). Applying the logic of *Blumberg*, the Sperlings' claim against Schachter should be abated, not dismissed. Given *Blumberg*'s instruction to abate the claim again Schachter, there is more than a "possibility" that a state court would find that the Sperlings' Amended Complaint states a cause of action against Schachter. Therefore, the Court concludes that Banner Life has not carried its heavy burden and has failed to establish the Schachter was fraudulently joined to this action.

      The Court notes a division among federal district courts in Florida regarding the appropriateness of remand under similar factual circumstances. *Compare Steele v. Mid-Continent Casualty Co.*, No. 07-60789, 2007 WL 3458543, at *3 (S.D. Fla. Nov. 14, 2007) (remanding action because defendant insurance companies did not meet their heavy burden of demonstrating that claim against resident defendant was fraudulent), *with Looney v. Protective Life Insurance Co.*, No. 8:07-cv-1020, 2007 WL 2669190, at *4—5 (M.D. Fla. Sept. 6, 2007) (denying motion to remand because plaintiff cannot properly state a claim against her insurance agent because such claim is premature). In light of the Eleventh Circuit's command to resolve any uncertainties about state substantive law in favor of the plaintiff seeking remand, the Court finds persuasive the reasoning of *Steele* and declines to follow *Looney*.

      The facts and posture of *Steele* are analogous to the facts and posture of this case. There, a plaintiff construction company sued for a declaration of insurance coverage and also sued Florida Home Builders, the corporation that arranged the insurance coverage at issue, for negligence and fraud in the inducement. 2007 WL 3458543, at *1. The insurance company defendants removed the action to federal court alleging that Florida Home Builders was fraudulently joined to defeat diversity jurisdiction, and plaintiff moved to remand. *Id.* The court found that *Blumberg* instructs that the court should abate, not dismiss, the claims against the resident defendant Florida Home Builders and, therefore, the court could not state that no chance exists that plaintiff would be unable to sustain the action against Florida Home Builders in state court. *Id.* at *3. The Court held that the removing defendants failed to meet their heavy burden of proving fraudulent joinder and remanded the case to state court. *Id.* In so doing, the *Steele* court reasoned,

> The effect of an abated claim against a non-diverse defendant on federal subject matter jurisdiction is indeed not clear, but the Court must resolve any uncertainties about state substantive law in favor of the non-moving party.
>
> 2007 WL 3458543, at * 3 (internal citation omitted).

In *Looney*, the plaintiff, who was the primary beneficiary of an insurance policy, sued the insurance company for breach of the policy as well as the insurance agent for negligence. 2007 WL 2669190, at *2. Defendant insurance company removed the case to federal court and plaintiff moved to remand. *Id.* at *1. In *Looney*, the defendant insurance agent filed a motion to dismiss the claim against him in the federal proceeding under the holding of *Blumberg* regarding the accrual of negligence and malpractice claims against insurance agents. *Id.* at *4. The Court granted the motion to dismiss because it found that Florida case law favored dismissal, not abatement, of such claims. *Id.* *Looney* did not address the Florida Supreme Court's statement in *Blumberg* that "the proper remedy for premature litigation is an abatement or stay of the claim for the period necessary for its maturation under the law." *Blumberg*, 790 So.2d at 1065, n.2 (internal citation omitted). After dismissing the claim against the agent, the court was "left with two diverse parties" and, accordingly, denied the plaintiff's motion to remand.

The Court finds *Looney* and a similar case relied upon by Banner Life unpersuasive. *See Essex Insurance Co. v. Rodgers Bros. Services, Inc.*, No. 8:05-CV-648T27TBM, 2006 WL 2356036 (M.D. Fla. Aug. 11, 2006). In *Looney* and *Essex*, defendant insurance agents moved to dismiss negligence claims against them under the holding of *Blumberg*. 2007 WL 2669190, at *4; 2006 WL 2356036, at *1. The Courts granted dismissal, citing Florida District Court of Appeals cases that favor dismissal without prejudice, rather than abatement or stay, "[w]hen the mere passage of time is insufficient to cure the premature element of the action." *Looney*, 2007 WL 2669190, at *4 (citing *Brocato v. Health Options, Inc.,* 811 So.2d 827 (Fla. 2d DCA 2002); *see also Essex*, 2006 WL 2356036, at *2 ("[I]n actions such as this one, where the action is premature because one of its essential elements is contingent upon the occurrence of an event that may or may not occur, dismissal of the action without prejudice is the better course.") (citing *Shuck v. Bank of Am., N.A.*,862 So.2d 20, 24 (Fla. 2d DCA 2003). As these cases show, Florida law is unclear regarding whether a premature negligence or malpractice claim against an insurance agent should be abated or stayed or, rather, dismissed without prejudice while an

underlying action to determine insurance coverage is ongoing. This Court is faced with a motion to remand, not a motion to dismiss Schachter's complaint, and, hence, expresses no opinion on the proper result under Florida law.[1] *See Crowe v. Coleman*, 113 F.3d 1536, 1540 (11th Cir. 1997) (finding that a federal court determining whether or not remand is proper is not obligated to and, indeed, should not as an *Erie* matter, resolve unclear issues of state law). Rather, the Court resolves the ambiguity in Florida law in favor of the Plaintiffs and remands this action because there is a possibility that a state court would find that the Amended Complaint states a cause of action against resident defendant Schachter.

Therefore, the Court concludes that it does not have jurisdiction of this case under 28 U.S.C. § 1332(a) because complete diversity does not exist between the parties. Accordingly, Plaintiffs' Motion to Remand is GRANTED and this case is remanded to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County Florida.

DONE and ORDERED in Chambers at Miami, Florida, this 14th day of October, 2010.

_____
PAUL C. HUCK
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record

---

[1] However, the Court notes that a motion to dismiss by Schachter on this ground—that the claim against him is premature under *Blumberg*—has been filed in state court (D.E. # 1—2, 35—36). Schachter filed this Motion approximately one month before Banner Life removed this action to this Court. Therefore, the parties could have resolved the issue of abating versus dismissing the claim against Schachter prior to removal. This is, indeed, what the parties should have done and what will now occur after this Order remanding the action to state court.